## HALE *v.* CONTINENTAL LIFE INS. Co.

*(Circuit Court, D. Vermont. June 14, 1882.)*

**1. JURISDICTION—APPEARANCE—WAIVER OF IRREGULARITIES.**

Where defendant appeared and demurred to the bill, the parties are before the court, and jurisdiction has attached, it is too late for defendant to object to the jurisdiction for want of sufficient service of summons.

**2. SAME—EXTENT OF—EQUITY.**

The jurisdiction of the circuit court in equity is to be measured by that of the state court of chancery.

**3. CONTRACT—MISREPRESENTATIONS—ENDOWMENT POLICY.**

A contract is not vitiated by misrepresentations which were wholly as to what would be done thereafter, and not as to any past or then present fact. This doctrine applied to a case where complainant was induced to take an endowment policy upon his life in the defendant company through various representations made by defendant's agent, to the effect that the profits would amount to enough to pay and cancel notes given by him in payment for the policy, and otherwise as to what the insurance would amount to.

**4. SAME—EQUITABLE RELIEF.**

Where there is no way to protect and preserve the rights of both parties in a suit in equity but to carry out the contract according to its legal effect, as affected by such representations, estoppels, and additional contracts as may be shown, a bill which prays that the transaction be declared void, that the notes delivered be given up, and the amount of premiums paid be decreed to be refunded, with interest, while the complainant had some insurance on his life during the running of the policy, essentially lacks equity; but he is entitled to a share in the profits belonging to him, to be applied on the notes, and on that ground the bill should be retained.

In Equity.

*Gilbert A. Dain*, for the orator.

*Charles W. Porter*, for defendant.

WHEELER, D. J. The bill alleges in substance that the orator was induced to take an endowment policy upon his life in the defendant company, with a right to share in profits, and to pay premiums thereon, partly in money and partly by his notes, through various representations made by the defendant's agent to the effect that the

profits would amount to enough to pay and cancel the notes, and otherwise as to what the insurance would amount to; that the time has elapsed, and the defendant insists upon taking the amount of the notes from the amount of the policy, and refuses to pay what the agent represented the insurance would amount to upon the payments made, and prays that the transaction may be declared to be void, the notes decreed to be given up, the amount of premiums paid decreed to be refunded, with interest, and for general relief.

The plaintiff is a citizen of New Hampshire, the defendant of Connecticut, and the suit was brought in the state court of chancery and has been removed to this court. The service of process was made upon a statutory agent required by the laws of the state for that purpose. The defendant demurs to the bill for want of sufficient jurisdiction acquired by the service, and for want of equity, and the cause has been heard upon the demurrer. The jurisdiction is to be measured by that of the state court of chancery. That court is a court of general equity jurisdiction, and has full cognizance of all such cases as this, if any court of equity would have, between parties properly before it. As the defendant appeared and demurred, the parties are before the court and the jurisdiction has attached, and there can be no question remaining upon the demurrer except as to the equity of the bill, and that question is to be attended to.

The misrepresentations relied upon to avoid the contract were wholly as to what would be done thereafter, and not as to any past or then present fact. The orator had some insurance upon his life during the running of the policy. His claim now is that it does not amount to so much as the defendant represented it would, and as he expected. The fraud, if there is any, did not exist at the time of the making of the contract, and could not vitiate it. Such fraud would not work backwards. The insurance which the orator has had cannot be restored. There is no way to protect and preserve the rights of both parties but, to carry out the contract according to its legal effect, as affected by such representations, estoppels, or additional contracts as may be shown. The bill essentially lacks equity in this aspect. The question remains whether there is any other ground stated for equitable relief, for if there is the bill ought to be retained to prevent multiplicity of litigation.

As the bill stands the orator is entitled to a share in the profits, to be applied on his notes. The share belonging to him is apparently a proper subject of accounting. The taking that account and applying the amount to which the orator is entitled to the satisfaction of

the notes, would be a proper subject for equitable cognizance. On that ground it appears that the bill should be retained.

The demurrer is overruled, the defendant to answer over by the next rule-day but one.